STATE OF HAWAI`I, Plaintiff-Appellee,
v.
DUKE PAAAINA, Defendant-Appellant.
No. 29584
Intermediate Court of Appeals of Hawaii.
August 28, 2009.
On the briefs:
Duke Paaaina, Defendant-Appellant Pro Se.
Dakota K. Frenz, Deputy Prosecuting Attorney, County of Hawai'i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, FUJISE, and LEONARD, JJ.
Defendant-Appellant Duke Paaaina (Paaaina) appeals pro se from the Judgment of Conviction and Sentence (Judgment) entered on March 5, 2009, (filed nunc pro tunc to December 12, 2008) in the District Court of the Third Circuit (district court).[1] After a bench trial, the district court found Paaaina guilty of taking, injuring, killing, possessing, or removing marine life from the Waiopae Tidepools Marine Life Conservation District (Conservation District), in violation of Hawaii Administrative Rules (HAR) § 13-38-3.[2] Paaaina was sentenced to pay a fine of $200 and a criminal injuries compensation fee of $30.
On appeal, Paaaina contends that there was insufficient evidence to convict him because the prosecution failed to introduce substantial evidence that he was fishing within the Conservation District. We disagree.
At trial, Department of Land and Natural Resources (DLNR) Officer Lawrence Terlep, Jr., testified that while offduty, he saw three men carrying throw nets and actively using their nets within the Conservation District. Officer Terlep called DLNR Officer Verl Nakama and reported observing the three men actively fishing.
Officer Nakama and DLNR Officer Andrew Ford arrived at the scene, and Officer Terlep pointed out the three men he had been observing. Officer Nakama testified that using binoculars, he saw three men holding throw nets and two of the men throw their nets within the Conservation District as they moved toward the southern boundary of the Conservation District. Officer Ford also observed the three men within the Conservation District as they headed toward the southern boundary, and Officer Ford testified that the men would occasionally stop and one of them would throw a net. Officers Nakama and Ford intercepted the three men, who were identified as Paaaina and co-defendants Enoch Akina and Chad Guevarra, about five feet outside the southern border of the Conservation District. The three men had in their possession three throw nets, two white buckets full of fish, and a green duffle bag containing fish.
Paaaina and Akina testified and admitted that they had been fishing. However, they denied that they had been fishing or had caught fish within the Conservation District.
We conclude that when viewed in the light most favorable to the prosecution, State v. Batson, 73 Haw. 236, 248, 831 P.2d 924, 931 (1992), there was substantial evidence to support Paaaina's conviction. We therefore affirm the March 9, 2009, Judgment entered by the district court.
NOTES
[1] The Honorable Barbara T. Takase presided.
[2] HAR § 13-38-3 provides in relevant part:

Prohibited activities. No person shall engage in the following activities in the district:
(1) Take, injure, kill, possess, or remove any marine life[.]
HAR § 13-38-2 defines the terms "district" and "take" as follows:
"District" means the Waiopae Tidepools marine life conservation district.
. . . .
"Take" means to fish for, catch, capture, or harvest, or to attempt to fish for, catch, capture, or harvest, aquatic life. The use of any gear, equipment, tool, or any means to fish for, catch, capture, or harvest, or attempt to fish for, catch, capture, or harvest, aquatic life by any person who is in the water, or in a vessel on the water, or on or about the shore where aquatic life can be fished for, caught, captured, or harvested, shall be construed as taking.